Wanamaker, J.
One of the primary duties of this court is to protect not only its own jurisdiction,, hut the jurisdiction of all other courts, whether defined by constitution, statute, or a long and well-settled line of adjudication.
It has long been the settled law of this state that among courts having concurrent jurisdiction of any given subject-matter the court whose jurisdiction rightfully first attaches shall exercise and continue that jurisdiction free from any interference by any other court having a like jurisdiction.
Such a policy is not only essential to preserve the jurisdiction of the courts, but likewise to properly preserve the rights of the parties to any action, suit, or proceeding therein.
It is admitted that the jurisdiction of the court of insolvency by statute embraces actions in divorce, alimony and the necessary equitable relief, custody and maintenance of children, etc., the same as in the court of common pleas.
It must be admitted that under the statute in such case made and provided the insolvency court of Cuyahoga county had assumed and exercised full jurisdiction in the divorce case, and had made a legal order touching the custody of the child Virginia, which jurisdiction was necessarily of a continuing nature. An old case, that of Hoffman v. Hoffman, 15 Ohio St., 427, lays down the correct rule:
“The jurisdiction of the court of common pleas over the subject of the custody of children in divorce cases is a continuing jurisdiction; and may, on proper application, be invoked to modify orders originally made in respect to the custody of chil *479 dren whenever the character and circumstances of the ease or of the parties require it.”
Manifestly, the court of insolvency, being vested with the same jurisdiction and power, should be protected by the same doctrine. In the syllabus of that case it is held:
“Where a court of common pleas, on rendering a decree of divorce, further decree the ‘custody, care, and control’ of the minor children of the marriage to one of the parties, a probate court, while such decree remains in force, can not, as between the parties to the decree, legally interfere with the custody so decreed, either by habeas corpus or letters of guardianship.”
If that be true doctrine as between the parties, it must be yet truer as to a third party, the husband’s father.. If it be true as to the probate court which is inferior to the court of common pleas, it would likewise be equally true as to the probate court which is equally inferior to the court of insolvency.
But this is not because of the inferiority of the court, for if the courts be of equal rank in jurisdiction, and have concurrent powers in that behalf, the court first assuming and exercising the jurisdiction will be protected against any interference by the assumption or exercise of jurisdiction in any other court.
This same doctrine is followed in In re Angeline E. Crist, 89 Ohio St., 33, and Children’s Home of Marion County v. Fetter, 90 Ohio St., 110, 125. Tt must follow, therefore, that an order relating to the custody of the child “Virginia, made in any other court having concurrent jurisdiction, whether in ferior or superior, is null and void.
*480 Something is said in this case about waiver of the jurisdiction upon the part of the judge of the insolvency court. Even if it were conceded, which it is not, that the judge might waive that jurisdiction so far as the court is concerned, he could not waive it so as to be a bar to the parties. The jurisdiction is conferred by statute and the decisions pursuant thereto, and is not conferred by the option or discretion of the judge.
The action of the probate court in the appointment of O. S. Hubbell as guardian of the person and estate of Virginia Hubbell being a nullity, he was without capacity to sue as such guardian in the court of appeals, and the more so to bring an action in the nature of prohibition.
Touching the order of the insolvency court, it had full jurisdiction of the subject-matter, and in the exercise of that full jurisdiction, which is continuing during the minority of the child, might make any order that the best interests of the child in the judgment of the court might suggest. So far as we are advised it has never been held that any order of a court, especially temporary in character, authorizing the custodian of a minor child to take such child outside of the state, is, by reason of the temporary absence from the state of Ohio of the child, a surrender or loss of the Ohio court’s jurisdiction over the child. Indeed, the federal constitution abundantly protects any judgment or order made by the Ohio court in that behalf. The full faith and credit clause of the federal constitution guarantees to every state the verity of its public acts, records and judicial proceedings, of which every other state is bound to take notice under the comity provision. It mat *481 ters not that in some instance, Louisiana, or some other state, deemed it wise to violate this provision; it is quite evident that had the matter been tested in any federal court the state court would have been speedily brought to justice under the federal provision.
Holding that the relator was without capacity to sue, inasmuch as the order purporting to appoint him as guardian was null and void, and that the writ of prohibition in this case is without authority of law, the judgment of the court of appeals is reversed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.